IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


OTIS D. BLAXTON,
    Plaintiff,

vs.                                                Case No. 3:08cv440/WS/EMT

DANIEL C. LAIDACKER., et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 6). Now before the court is Plaintiff's "Motion for an Order of Transfer to a Civil Rights Facility" (Doc. 29), which the court treats as a request for injunctive relief.

In his complaint (Doc. 1), which on this date by separate order the court has directed Plaintiff to amend, Plaintiff primarily alleges that he was subjected to the use of excessive force at Century Correctional Institution in May 2006. Plaintiff is presently housed at Florida State Prison. Plaintiff moves for a transfer to yet a different institution, apparently because he is experiencing "duress" and desires to avoid "being set up or framed by the bigoted custodian" (*id.* at 1).

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1.       There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.    There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the Defendant; and

    4.    The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

First, in his instant motion Plaintiff makes no allegations against any individual, much less any of the Defendants named in his complaint. As noted above, the persons from whom the injunctive relief is sought must be parties to the underlying action. In re Infant Formula Antitrust Litig., 72 F.3d at 842–43. Nor are there any factual allegations in Plaintiff's motion which suggest that a named Defendant is even remotely responsible for causing Plaintiff any injury that would support granting an injunction. Indeed, Plaintiff no longer is housed at Century Correctional Institution, where the alleged violations of his rights occurred, but has been moved to a different facility. Additionally, for the reasons stated in the court's order directing Plaintiff to amend, Plaintiff has failed to demonstrate a substantial likelihood of success on the merits of his claim.

Furthermore, Plaintiff has not shown that a substantial threat exists that he will suffer irreparable injury if the injunction is not granted. Nor has Plaintiff shown that any threatened injury to him outweighs the threatened harm an injunction will do or that granting the preliminary injunction will not disturb the public interest. Because Plaintiff has failed to meet his burden of persuasion as to each of the requisites needed to obtain an injunction, the court should not grant his request for extraordinary relief.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief (Doc. 29) be **DENIED**.

At Pensacola, Florida, this 3rd day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**