IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


OTIS D. BLAXTON,
    Plaintiff,

vs.                                      Case No.: 3:08cv440/WS/EMT

DANIEL C. LAIDACKER, et al.,
    Defendants.
_____/

**O R D E R**

       This cause is before the court on the pro se Plaintiff's "Motion for a Cross-Claim" (Doc. 99), and Defendants' response in opposition (Doc. 101).

       The court construes Plaintiff's motion as one for leave to amend the complaint to include a claim for damages for mental anguish.[1] Defendants argue that the motion should be denied on the grounds of undue delay and dilatory motive because the new claim should have been apparent to Plaintiff as long ago as September 2006.

       Rule 15 of the Federal Rules of Civil Procedure provides, in relevant part:

**(a) Amendments Before Trial.**

  **(1) Amending as a Matter of Course**. A party may amend its pleading once as a matter of course within:

    **(A)** 21 days after serving it, or

---

[1] No proposed amended complaint is attached to the motion. Nevertheless, given Plaintiff's pro se status and the content of his motion, the court fairly construes the motion as one to amend the complaint.

> **(B)** if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (**2) Other Amendments**.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  Here, the operative pleading is Plaintiff's fifth amended complaint (Doc. 59).  Therefore, Plaintiff must request, and obtain, permission from the court in order to file a sixth amended complaint that includes his additional claim for damages.

As noted *supra*, the Federal Rules of Civil Procedure provide that the court should freely give leave to amend when justice so requires.  Fed. R. Civ. P. 15(a)(2).  The law favors rulings on the merits rather than on the pleadings.  Bank v. Pitt, 928 F.2d 1108, 1112 n.6 (11th Cir. 1991), *overruled on other grounds*, Wagner v. Daewoo Heavy Indus. America Corp., 314 F.3d 541 (11th Cir. 2002); Friedlander v. Nims, 755 F.2d 810, 813 & n.3 (11th Cir. 1985).  Thus:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Rosen v. TRW, Inc., 979 F.2d 191, 194 (11th Cir. 1992) (quoting Foman v. Davis, 371 U.S. 178, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)).  Notwithstanding the liberal standard for granting amendments, the Eleventh Circuit has held that it is not an abuse of discretion to deny a motion for leave to amend filed near the close of discovery because granting the motion "would have produced more attempts at discovery, delayed disposition of the case, . . . likely prejudiced [the adverse party], [and] . . . there seems to be no good reason why [the movant] could not have made the motion earlier."  Maynard v. Bd. of Regents of Div. of Univs., 342 F.3d 1281, 1287 (11th Cir. 2003).

Plaintiff submitted the instant motion on July 8, 2011, or nearly three years after filing his first complaint on September 23, 2008, and over five months after filing his fifth amended complaint on January 27, 2011.  Discovery in this case closed July 20, 2011, and dispositive motions are due August 10, 2011.  As in Maynard, *supra*, granting Plaintiff's instant motion likely would produce more attempts at discovery, further delay disposition of this long-standing case, and prejudice

Defendants. Moreover, there appears to be no reason why Plaintiff could not have submitted his motion far earlier, rather than waiting until the eve of the close of discovery to do so. As Defendants point out, Plaintiff acknowledges in the motion that he "raised this issue of mental anguish" in a sick call request to prison officials in September 2006 ( Doc. 99 at 1).

For the foregoing reasons, the court concludes that Plaintiff's motion should be denied.

Accordingly it is **ORDERED**:

Plaintiff's "Motion for a Cross-Claim" (Doc. 99), construed as a motion for leave to amend the complaint, is **DENIED.**

**DONE AND ORDERED** this 10th day of August 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**