IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OTIS D. BLAXTON,
    Plaintiff,

v.                                        Case No.: 3:08cv440/WS/EMT

DANIEL C. LAIDACKER, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

       This cause is before the court upon Plaintiff's motion for voluntary dismissal (doc. 125) and Defendants' response thereto (doc.127), which Defendants filed as directed by the court (doc. 126).

       In his motion, Plaintiff requests that the court dismiss this action because he no longer wishes to pursue his claim against Defendants (*see* doc. 125 at 1).  As the court noted in its order directing Defendants to respond, Plaintiff has an absolute right to a voluntary dismissal before an answer or motion for summary judgment is filed.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i); <u>Matthews v. Gaither</u>, 902 F.2d 877, 880 (11th Cir. 1990) (collecting cases).  Otherwise, a stipulation of dismissal signed by all parties who have appeared in the action is required, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), or a dismissal by the court on terms that it considers proper.  *See* Fed. R. Civ. P. 41(a)(2).  Here, a motion for summary judgment filed by Defendants is pending (doc. 111), so Plaintiff is not entitled to an automatic dismissal.  Moreover, no stipulation of dismissal that is signed by all the parties who have appeared in this action has been filed, as required by Rule 41(a)(1)(A)(ii).

       Defendants advise, however, that they do not oppose Plaintiff's motion for dismissal of this action at this stage of the proceedings, either with or without prejudice (*see* doc. 126 at 1).  They further advise that they do not oppose dismissal of this case pursuant to Federal Rule of Civil Procedure 41(a)(2) (*id.*).  Therefore, the court will treat Plaintiff's motion as one to voluntarily dismiss under Rule 41(a)(2).

Dismissal under Rule 41(a)(2) shall not be had "at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). Dismissal is without prejudice unless otherwise provided in the order. *See id.* The Eleventh Circuit has explained that

> [t]he district court enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). McCants v. Ford Motor Co., Inc., 781 F.2d 855, 857 (11th Cir. 1986). "[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other then the mere prospect of a subsequent lawsuit, as a result." *Id.* at 856–57. "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967). In exercising its "broad equitable discretion under Rule 41(a)(2)," the district court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857.

Pontenberg v. Boston Sci. Corp., 252 F.3d 1253, 1255 (11th Cir. 2001) (modifications added). The purpose of Rule 42(a)(2) "'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856 (11th Cir. 1986), citing Alamance Industries, Inc. v. Filene's, 291 F.2d 142, 146 (1st Cir. 1961). "Thus a district court considering a motion for dismissal without prejudice should bear in mind principally the interests of the defendant, for it is the defendant's position that the court should protect." *Id.* (citation omitted).

Here, voluntary dismissal of this action pursuant to Rule 42(a)(2) is appropriate as Plaintiff has requested dismissal and Defendants do not oppose. Dismissal should be without prejudice.[1]

Accordingly, it is respectfully **RECOMMENDED**:

1. That Plaintiff's motion for voluntary dismissal (doc. 125) be **GRANTED**.
2. That this case be **DISMISSED without prejudice**.

---

[1] "A federal court that dismisses without prejudice a suit arising from a federal statutory cause of action has not adjudicated the suit on its merits, and leaves the parties in the same legal position as if no suit had been filed." Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995). While Plaintiff's lawsuit in this case is dismissed without prejudice under Rule 41(a)(2), he should nevertheless be aware that his claim—arising from events that apparently occurred in 2006—may well be time-barred in any future litigation.

Case No.: 3:08cv440/WS/EMT

At Pensacola, Florida this 5<u>th</u> day of December 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**