IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OTIS D. BLAXTON,
    Plaintiff,

v.                                         Case No.: 3:08cv440/WS/EMT

DANIEL C. LAIDACKER, et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

        This cause is before the court upon Plaintiff's "Motion to Correct Error" (doc. 132), which the court treats as a motion pursuant to Fed. R. Civ. P. 60(b).  Defendants have not responded.

        The district court, adopting this court's December 5, 2011, Report and Recommendation, on January 3, 2012, dismissed this action without prejudice pursuant to Fed. R. Civ. P. 42(a)(2) on Plaintiff's motion for voluntary dismissal[1] (*see* docs. 125, 128, 130).  As directed by the district court, the clerk entered judgment accordingly, on January 4, 2012 (doc. 131).  In his instant motion, Plaintiff apparently seeks to correct the "error of dismissal of the case" on the ground "it was the product of mental delusion" (doc. 132 at 1).  Plaintiff states that even though Defendant Daniel C. Laidacker "had been laid off from the Florida Department of Corrections (Century Correctional Ins.)[,] he still came to work as Sergeant Chapman here at Florida State Prison" (*id.*).  According to Plaintiff, his voluntary "dismissal of the claim was due to [Laidacker's] overreach of attend[a]nce here at Florida State Prison during the pendency of this complaint, wherefore he had been dorm sergeant numerous times posing at Sgt. Chapman over the Plaintiff" (*id.*).

---

    [1] At the time Plaintiff filed his motion for voluntary dismissal, the motion for summary judgment filed by Defendants Charles J. Smith, Eddie L. Ward, and John M. White was pending (doc. 111).  Two other named Defendants, Daniel C. Laidacker and Earl Baldree, Jr., had not been served or appeared.

Rule 60(b) permits a party to move for relief from a final judgment under certain specific circumstances.  These include: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, reversed or vacated; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  Further, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) not more than one year after the entry of the judgment or order or date of the proceeding."  Fed. R. Civ. P. 60(c)(1).  Rule 60(b)(6), which is Rule 60's "catchall provision," authorizes relief "for any reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6); Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances," and which "absent such relief, an 'extreme' and 'unexpected' hardship will result."  Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citation and quotation omitted).

Plaintiff has not asserted or shown the presence of any of the specific justifications for relief from an order permitted under subsections (1)–(5) or the catchall provision of subsection (6) of Rule 60(b).  In short, Plaintiff's allegations, which clearly are delusional, do not warrant granting relief under Rule 60(b).  His motion therefore should be denied.

Accordingly, it is respectfully **RECOMMENDED**:

That Plaintiff's "Motion to Correct Error" (doc. 132), which the court treats as a motion pursuant to Fed. R. Civ. P. 60(b), be **DENIED**.

At Pensacola, Florida this 1st day of August 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**